UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LANE,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.; FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>    Defendants. | No. 2:18-cv-0310 KJM DB PS<br><br><br><br>ORDER |

Plaintiff Kevin Lane is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On March 30, 2018, the matter came before the undersigned for hearing of defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Attorney Dennis La appeared on behalf of the defendants. No appearance was made by, or on behalf of, plaintiff Kevin Lane.[1]

For the reasons set forth below, defendants' motion to dismiss is granted and plaintiff is granted leave to file an amended complaint.

////

---

[1] In response to plaintiff's failure to appear, the undersigned issued an order to show cause. (ECF No. 14.) Plaintiff filed a response on April 16, 2018, showing good cause for his failure to appear. (ECF No. 15.) Accordingly, the order to show cause is discharged.

1

## BACKGROUND

Plaintiff Kevin Lane, proceeding pro se, commenced this action on December 28, 2017, by filing a complaint in the Amador County Superior Court. (Compl (ECF No. 1) at 10-35.[2]) Therein, plaintiff alleges that on June 22, 2006, plaintiff "executed a Deed of Trust in favor of American Home Mortgage[.]" (Id. at 18.) On January 2, 2009, defendant "Wells Fargo purportedly was granted, assigned, and transferred all beneficial interest under Plaintiff's Deed of Trust." (Id. at 20.) At this time, "the alleged debt was in default[.]" (Id.)

"Due to non-payment, Defendant Wells Fargo executed and recorded a Notice of Default . . . on Plaintiff's Property on January 6, 2009." (Id. at 19.) The complaint alleges that defendant Wells Fargo, "acquired an interest in the debt obligation," while "acting in the capacity as the mortgage loan servicer[.]" (Id.) Plaintiff, however, "was able to get caught up and resume making monthly payment[s] until February of 2016." (Id.)

"In February of 2016, Plaintiff once again fell into default." (Id.) Plaintiff "reached out to Defendant" Wells Fargo in an effort to obtain a loan modification. (Id.) Plaintiff did not obtain a modification. (Id.) Defendant Wells Fargo "proceeded with a non-judicial foreclosure against Plaintiff's property on April 24, 2017." (Id.) After the foreclosure, plaintiff discovered that "Defendant Freddie Mac was the purported foreclosing beneficiary of his debt and not Defendant Wells Fargo." (Id. at 19-20.)

Based on these allegations, the complaint asserts causes of action for: (1) violation of 15 U.S.C. § 1692(f)(6); (2) violation of California's Homeowner Bill of Rights; (3) wrongful foreclosure; (4) negligent misrepresentation; (5) cancellation of instruments; and (6) violation of California Business & Professions Code § 17200, et seq. (Id. at 10.) Defendants Wells Fargo and Federal Home Loan Mortgage Corporation ("Freddie Mac") removed the matter to this court on February 8, 2018, based on federal question and diversity jurisdiction. (ECF No. 1 at 1.)

////

////

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

On February 16, 2018, defendants filed the pending motion to dismiss. (ECF No. 7.) Plaintiff filed an opposition on March 16, 2018. (ECF No. 10.) Defendants filed a reply on March 23, 2018. (ECF No. 12.)

## STANDARD

I. <u>Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)</u>

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. <u>N. Star Int'l v. Ariz. Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555; <u>see</u> <u>also</u> <u>Iqbal</u>, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

I. 16 U.S.C. § 1692f(6)

The complaint's first cause of action asserts a violation of 15 U.S.C. § 1692f(6), a provision of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692 et seq. (Compl. (ECF No. 1) at 23.) § 1692f(6) prohibits:

> [t]aking or threatening to take any <u>nonjudicial action</u> to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.

(emphasis added). In this regard, § 1692f(6) "regulates nonjudicial foreclosure activity." Dowers v. Nationstar Mortgage, LLC, 852 F.3d 964, 971 (9th Cir. 2017).[3]

Here, the complaint alleges that defendants are proceeding "with a non-judicial foreclosure action . . . when they had no present right to possession of the Property claimed as collateral," and that "there is no present intention to take possession of the property." (Compl. (ECF No. 1) at 23.) The complaint, however, does not assert any facts in support of these vague and conclusory allegations. For example, the complaint does not explain why defendants "had no

---

[3] Defendants' motion argues that "California courts have consistently concluded that non-judicial foreclosure actions do not constitute debt collection . . . under the FDCPA." (Defs.' MTD (ECF No. 7) at 13.) Although this is true with respect to most other provisions of the FDCPA, with respect to §1692f(g), "the FDCPA's protections run broader, and, under that section only, the FDCPA does apply to entities enforcing security interests, as in a foreclosure action." Dejong v. Nationstar Mortgage LLC, Case No. 17-cv-3653 YGR, 2017 WL 3968539, at *3 (N.D. Cal. Sept. 7, 2017).

4

present right to possession," or why plaintiff believes that the defendants had "no present intention to take possession of the property."

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

In this regard, the complaint fails to state a claim pursuant to § 1692f(6) upon which relief can be granted. See Arias v. Select Portfolio Servicing, Inc., No. 1:17-CV-1130 DAD SAB, 2017 WL 6447890, at *7 (E.D. Cal. Dec. 18, 2017) ("Plaintiff provides no factual allegations indicating that defendants lack the right to possess the property or the present intention to possess the property. Moreover, plaintiff alleges no facts explaining how defendants' conduct is oppressive, fraudulent, or malicious, and the complaint otherwise parrots the language from the statute. Therefore, plaintiff's cause of action brought under § 1692f(6) will be dismissed with leave to amend."); Renard v. JP Morgan Chase Bank, N.A., Case No. LA CV17-0820 JAK (GJSx), 2017 WL 8292774, at *11 (C.D. Cal. Dec. 13, 2017) (dismissing § 1692f(6) claim where complaint "failed adequately to allege that Defendants lack a right to possession or an enforceable security interest in the Property as required to state a claim under § 1692f"); Dejong v. Nationstar Mortgage LLC, Case No. 17-cv-3653 YGR, 2017 WL 3968539, at *3 (N.D. Cal. Sept. 7, 2017) (dismissing §1692f(6) claim where "plaintiff fails to explain why such transfers would be invalid, thereby stripping defendants of their right to possession of the property").

II. California's Homeowner Bill of Rights

The complaint's second cause of action is brought pursuant to California's Homeowner Bill of Rights. (Compl. (ECF No. 1) at 27-29.)

5

> In response to the mortgage and foreclosure crisis, the California Legislature enacted the Homeowner Bill of Rights (HBOR) on January 1, 2013, shortly after the finalization of the National Mortgage Settlement (NMS). This law was created to combat the foreclosure crisis and hold banks accountable for exacerbating it. HBOR's purpose is to ensure that homeowners who may qualify for a foreclosure alternative are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, such as loan modifications or other alternatives to foreclosure.

Penermon v. Wells Fargo Bank, N.A., 47 F.Supp.3d 982, 992-93 (N.D. Cal. 2014) (citations and quotation omitted).

Here, the complaint specifically asserts that the defendants violated California Civil Code § 2924.17. § 2924.17 "provides that before recording or filing a [notice of default], a notice of sale . . . as well as other specified documents, 'a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.'" Tuan Anh Le v. Bank of New York Mellon, 152 F.Supp.3d 1200, 1209-10 (N.D. Cal. 2015) (quoting § 2924.17).

In support of this claim, however, the complaint simply asserts that defendants "failed to provide competent and relevant support to their authorization to proceed with a non-juridical action against Plaintiff's Property as debt collectors." (Compl. (ECF No. 1) at 27.) No factual allegations are provided to support this vague conclusion.

The complaint also alleges that defendants violated California Civil Code § 2924(a)(6). (Compl. (ECF No. 1) at 28.) § 2924(a)(6), in relevant part, prohibits an entity from recording a notice of default or initiating foreclosure "unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee . . . of the designated agent of the holder of the beneficial interest." The complaint alleges that "Defendants are not creditors with the power to enforce the power of sale contained in a [deed of trust], but are debt collectors[.]" (Compl. (ECF No. 1) at 28.) Moreover, defendants have allegedly "failed to provide an adequate chain of title" or "provide competent and relevant evidence to support the accuracy of their recorded documents." (Id.) Again, however, the complaint fails to provide any factual allegations in support of these vague and conclusory claims.[4]

---

[4] Moreover, the allegations found in the complaint are undermined by the documents found in

6

Accordingly, the complaint fails to state a claim pursuant to HBOR upon which relief can be granted.

III. <u>Wrongful Foreclosure</u>

The complaint's third cause of action assets a wrongful foreclosure claim. (Compl. (ECF No. 1) at 29-30.) In this regard, the complaint alleges that the defendants "attempted to collect mortgage payments, engaged in other unlawful collection practices, and foreclosed on Plaintiff's Property on April 24, 2017 without legal authority or right to do so." (<u>Id.</u> at 29.)

Under California law, a claim for wrongful foreclosure lies "where there has been an illegal, fraudulent or willfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust." <u>Munger v. Moore</u>, 11 Cal.App.3d 1, 7 (1970). The elements of a wrongful foreclosure cause of action are "'(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.'"[5] <u>Miles v. Deutsche Bank National Trust Company</u>, 236 Cal.App.4th 394, 408 (2015) (quoting <u>Lona v. Citibank, N.A.</u>, 202 Cal.App.4th 89, 104 (2011)).

Consistent with the complaint's other causes of action, this cause of action is also devoid of any factual allegations offered in support. The complaint does not even distinguish between the acts of defendant Wells Fargo and those of defendant Freddie Mac. Instead, the wrongful foreclosure claim simply refers to the acts of the "Defendants." (Compl. (ECF No. 1) at 29.)

Plaintiff's complaint also fails to allege tender. "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a

---

defendants' request for judicial notice. (ECF No. 8.) <u>See</u> <u>Ohlendorf v. American Home Mortg. Servicing</u>, 279 F.R.D. 575, 581 (E.D. Cal. 2010) (deed of trust "judicially noticeable as a public record").

[5] Plaintiff is advised that "mere technical violations of the foreclosure process will not give rise to a tort claim; the foreclosure must have been entirely unauthorized on the facts of the case." <u>Miles</u>, 236 Cal.App.4th at 409.

7

credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure."[6] Flores v. EMC Mortg. Co., 997 F.Supp.2d 1088, 1106 (E.D. Cal. 2014) (quotation omitted); see also Gardner v. American Home Mortg. Servicing, Inc., 691 F.Supp.2d 1192, 1203 (E.D. Cal. 2010) ("an action to set aside a foreclosure sale, unaccompanied by an offer to tender, does not state a cause of action for wrongful foreclosure").

Accordingly, for the reasons stated above, the complaint's wrongful foreclosure cause of action fails to state a claim upon which relief can be granted.

IV. Negligent Misrepresentation

The complaint's fourth cause of action is for negligent misrepresentation. (Compl. (ECF No. 1) at 31.) "The elements of negligent misrepresentation are (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." Apollo Capital Fund, LLC v. Roth Capital Partners, LLC, 158 Cal.App.4th 226, 243 (2007). Moreover, most courts apply "Federal Rule of Civil Procedure 9(b)'s heightened pleading standard to claims for fraud and negligent misrepresentation." Green v. Central Mortgage Company, 148 F.Supp.3d 852, 880 (N.D. Cal. 2015); see also Gilmore v. Wells Fargo Bank N.A., 75 F.Supp.3d 1255, 1270 (N.D. Cal. 2014) ("The Court agrees with the line of cases that hold that negligent misrepresentation is a species of fraud, and, hence, must be plead in accordance with Rule 9(b)."). But see Petersen v. Allstate Indem. Co., 281 F.R.D. 413, 416-17 (C.D. Cal. 2012).

Circumstances that must be stated with particularity pursuant to Rule 9(b) include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Sanford v. Memberworks, Inc., 625 F.3d 550, 558 (9th Cir. 2010) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). In this regard, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct

---

[6] "[T]he tender rule is not without exceptions." Barrionuevo v. Chase Bank, N.A., 885 F.Supp.2d 964, 969 (N.D. Cal. 2012). However, given the vague and conclusory allegations of the complaint, it is not clear if any exception is at issue in this action.

8

charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false.'" Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)). When fraud is alleged against a corporation, the "plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'" Lazar v. Superior Court, 12 Cal.4th 631, 645 (Cal. 1996) (quoting Tarmann v. State Farm Mutual Auto. Ins. Co., 2 Cal.App.4th 153, 157 (1991)).

Here, the complaint simply alleges that the "Defendants have fraudulently concealed the fact that they are not entitled to enforce the alleged debt and that they falsely represented to Plaintiff the true creditor of the alleged debt." (Compl. (ECF No. 1) at 31.) No factual allegations, however, are provided to explain the who, what, when, where, and how of each defendant's alleged misconduct.

Accordingly, the complaint's negligent misrepresentation cause of action fails to state a claim upon which relief can be granted.

V.   Cancellation of Instruments

The complaint's fifth asserted claim is for cancellation of instruments. The complaint alleges:

> Plaintiff has a reasonable apprehension that the wrongful, illegal, and false instruments created, published, and recorded by the Defendants . . . if left outstanding, may continue to cause serious injury to Plaintiff. Plaintiff requests this court to adjudge and order Defendants to deliver up the Deed of Trust executed by Plaintiff and all other documents that relates to the Deed of Trust, including the TDUS, so that they may be canceled, or in the alternative, to declare [] them void and to be without force and effect.

(Compl. (ECF No. 1) at 32.)

California Civil Code § 3412 provides that a "written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." "To plead a cause of action for cancellation of instrument, plaintiff

must show that he will be injured or prejudiced if the instrument is not cancelled, and that such instrument is void or voidable." Zendejas v. GMAC Wholesale Mortg. Corp., No. 1:10-CV-0184 OWW GSA, 2010 WL 2629899, at *7 (E.D. Cal. June 29, 2010). Moreover, "'A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.'" In re Worcester, 811 F.2d 1224, 1230 (9th Cir. 1987) (quoting Karlsen v. American Savings and Loan Assoc., 15 Cal.App.3d 112, 117 (1971)).

Here, the complaint fails to allege any facts that establish that any instrument is void or voidable. Nor does the complaint allege valid and viable tender. In this regard, the complaint fails to state a claim for cancelation of instruments upon which relief may be granted

VI.     California Business & Professions Code § 17200, et seq.

The complaint's final cause of action is brought pursuant to California's Unfair Competition law. (Compl. (ECF No. 1) at 33-34.) California's Unfair Competition Law prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. § 17200 incorporates other laws and treats a violation of those laws as an unlawful business practice independently actionable under California state law. Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000). "In order to state a claim for a violation of [§ 17200], a plaintiff must allege that the defendant committed a business act that is either fraudulent, unlawful, or unfair." Levine v. Blue Shield of California, 189 Cal.App.4th 1117, 1136 (2010). Moreover, "[t]o state a claim for an 'unlawful' business practice under the UCL, a plaintiff must assert the violation of some other law." Welenco, Inc. v. Corbell, 126 F.Supp.3d 1154, 1178 (E.D. Cal. 2015); see also Pantoja v. Countrywide Home Loans, Inc., 640 F.Supp.2d 1177, 1190 (N.D. Cal. 2009) ("[S]ince the court has dismissed all of Plaintiff's predicate violations, Plaintiff cannot state a claim under the unlawful business practices prong of the UCL.").

Here, the other causes of action asserted in the complaint fail to state a claim upon which relief can be granted. Accordingly, the complaint's § 17200 claim also fails to state a claim upon which relief can be granted.

////

LEAVE TO AMEND

For the reasons stated above, plaintiff's complaint must be dismissed. The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, given the vague and conclusory nature of the complaint's allegations, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

////

# CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' February 16, 2018 motion to dismiss (ECF No. 7) is granted;

2. The complaint filed on December 28, 2017 (ECF No. 1) is dismissed with leave to amend;

3. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[7] The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint"; and

4. Plaintiff is cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: July 12, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/lane0310.mtd.ord

---

[7] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.